[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a relocation case brought about by the mother's desire, over the father's objection, to move the residence of their three children from Shelton to Winsted where she recently purchased a new residence. The father lives in the former marital residence in Southbury and would prefer that the children live primarily with him, his new wife, and their two-year-old child. The case was litigated over three days, had numerous witnesses, and was presented by competent counsel, including an attorney for the minor children.
The father initiated the case by obtaining an ex-parte restraining order (#145) preventing the move. He also filed a motion for contempt (#151) alleging that the mother had violated the restraining order and had in fact moved the children. The mother retaliated with a motion for modification (#155) which was objected to by the father (#147). After his appointment, the attorney for the minor children filed a motion for counsel fees (#150). All five motions are disposed by this memorandum.
It would serve no useful purpose to chronicle the parties' charges and recriminations, some of which had merit. What is important here is to recognize that the parties have lost focus on what is in the best interests of their children and are caught up in their own personal pursuits, vindictiveness, and desire for control. In the process, their ability to communicate regarding their children has broken down. To their considerable credit, even if somewhat tardy, they have voluntarily agreed to enter co-parenting counseling with a view to repairing the fissures which have appeared and to perhaps develop new strategies for improving the communication level.
The mother can be faulted for creating a less-than-stable environment for the children, now ages 11, 10, and 8. She divorced the father on December 15, 1995 and since then has married twice, once to a drug addict, and now lives with a third man who is a convicted felon. In the last year alone she has moved four times the proposed move to Winsted CT Page 3308 would be her fifth. At one time she considered moving to Canada and at another time to Massachusetts. She also has had several job changes. To her further discredit, on numerous occasions, she failed to keep the father informed of important issues affecting the children. She appears to act impulsively and then later think of the consequences. It is time for her to put the children first in her life.
The father, on the other hand, is rigid, controlling, and uncompromising. While the children have expressed a desire, for more "one on one" time with him, he seems unable to satisfy that need. His present wife, who demonstrated an appropriate willingness to step-parent the three children along with her two-year-old, is caught in the crossfire between the parties. He stated his most important concern was the education of the children and his belief that the Winsted school system could not provide the same quality education as the Southbury system. He was also concerned about the mother's apparent unstable life style. It is time for him to learn about his children's needs.
All three children, in spite of the shortcomings of their parents, have excelled in school. Unfortunately, they are the ones most impacted by their warring parents. The strain on them is abundantly evident from the testimony of the school counselor who described stressed-out children, imagined illnesses, frequent frustration, stuttering, uncontrollable sobbing, out-of-character aggressiveness, and grade deterioration. Other witness testimony confirmed those observations. What the children desperately need is peace, not continued conflict, something their parents have not been able to give them. Nevertheless, they have been steadfast in their preference to continue to reside with their mother and to have regular contact with their father, although on a modified basis. Perhaps, if the parents take a step back, get professional help, and start focusing on the needs of their children, life for them might improve.
Orders entered hereafter are to be considered temporary and subject to review and modification at the continuance date of June 3, 2003 at 10:00 a.m. All parties are free to seek an earlier modification should there be an agreement or if circumstances change.
 ORDERS
1. The parties shall continue to have joint legal custody of minor children whose primary physical residence shall be that of the mother.
2. The mother shall be permitted to move the residence of the children to Winsted. CT Page 3309
3. The children are to continue with their schooling in the Shelton school system until the completion of the calendar year.
 4. The children are to continue in counseling as needed.
5. The father shall have weekend visitation with the children on a four-week rotating basis as follows:
First weekend — from Friday after school until Sunday at 8 p.m. (Monday at 8 p.m. if a legal holiday);
Second weekend — no visitation;
Third weekend — from Saturday morning at 9 a.m. to Sunday evening at 8 p.m. (Monday at 8 p.m. if a legal holiday);
Fourth weekend — from Sunday morning at 9 a.m. to Sunday evening at 8 p.m.
6. On the first weekend the father shall pick up the children after school and return them to the mother's residence in Winsted. On the third and fourth weekends, the mother shall deliver the children to the father's residence and he shall return them to Winsted. The parties are free to arrange for a mid-way exchange or to alter the schedule as they might be able to agree.
7. Holidays are to be shared pursuant to earlier orders of the court.
S. Summer vacation will be determined at the next court hearing.
9. The parties are free to arrange such other visitation with the children, including midweek, singly, or in such combinations as they might deem appropriate.
10. The parties are ordered to direct the PEACE program to forward a letter to the court and counsel of record, before June 3, indicating only the record of their attendance. Conversations with the counselors are to be considered privileged and are not to be disclosed to anyone without written agreement of the parties. A copy of these orders are to be given to the counselor.
11. The restraining order is vacated. CT Page 3310
12. The motion for contempt is denied.
13. The parties are ordered to equally share the fees for the attorney for the minor children and the fees for the PEACE program counseling.
CUTSUMPAS, J. CT Page 3311